IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02304-REB-BNB

ROHIT MUKHERJEE,

Plaintiff,

v.

DENVER POLICE OFFICERS ABBEGAYLE DORN, and
RICHARD FISHER,

Defendants.

_____

# ORDER

_____

This matter arises on defendants' **Motion to Compel Independent Medical Examination Pursuant to Fed. R. Civ. P. 35** [Doc. # 29, filed 3/24/2011] (the "Motion for IME").  I held a hearing on the Motion for IME this morning and made rulings on the record, which are incorporated here.

The plaintiff claims emotional distress arising from an encounter with the defendant police officers.  The issue of emotional distress is raised in the Complaint [Doc. # 1] filed in September 2010.  The plaintiff indicated his intention to seek damages stemming from emotional distress and associated counseling in the Computation of Damages section of the Scheduling Order [Doc. # 17, filed 1/4/2011].  The plaintiff disclosed Dr. Alan Zimmerman, a psychologist, as a potential witness in a supplemental disclosure made on February 2, 2011.

The plaintiff now resides in India.  He returned to the United States for one week in early March 2011 for a settlement conference, to give his deposition, and to observe other depositions.  During his deposition, the plaintiff stated his view that he suffers from post traumatic stress

disorder.  The plaintiff has returned to India.

The defendants did not seek to obtain an IME until after the plaintiff's deposition testimony concerning his assertion that he suffers from PTSD.  Plaintiff's counsel assures me that he does not intend to call an expert, specially retained or treating, to testify about PTSD, emotional distress, or mental health issues.

The assertion of PTSD constitutes good cause to require a plaintiff to submit to an IME. In this case, however, the following factors dictate that the costs of bringing the plaintiff to the United States for the examination be borne by the defendants: (1) the defendants did not request the examination, despite the ability to do so, during the week when the plaintiff was in the United States and available; (2) the plaintiff will not call an expert on the issue; and (3) the substantial costs associated with traveling from India to the United States for the examination. See Rule 26(b)(2)(C), Fed. R. Civ. P.

IT IS ORDERED:

(1)     The Motion for IME [Doc. # 29] is GRANTED;

(2)     The costs of the IME, including travel costs associated with bringing the plaintiff to the United States for purposes of the examination (airfare and hotel expenses only), shall be borne by the defendants;

(3)     Plaintiff's counsel shall notify defense counsel of any plans by the plaintiff to return to the United States at his own expense prior to July 5, 2011, so that the examination may be scheduled while the plaintiff is in this United States; and

(4)     The IME, if it occurs at all, shall be scheduled so as to impose the minimal disruption possible on the plaintiff's employment.

Dated April 6, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge